```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


United States of America,      :

        Plaintiff,             :

     v.                        :    Case No. 2:06-cr-0226

James M. Helton,               :    JUDGE HOLSCHUH

        Defendant.             :
```

                        DETENTION ORDER

   The above defendant appeared before the Court for a detention hearing on October 12, 2006, and a continued detention hearing on October 13, 2006.  At the conclusion of the hearing, the Court ordered the defendant detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

   The defendant was indicted in this Court on October 5, 2006, and charged with multiple counts of trafficking in crack cocaine.  Several of the counts involved more than five grams of crack cocaine, a charge which carries a mandatory five-year minimum jail term.  Additionally, the defendant was charged with being an armed career criminal based upon his having been convicted of at least three violent felony offenses in the past and his possession of a firearm.  That charge carries a mandatory minimum 15-year sentence.  The indictment carries with it a presumption in favor of detention which is evaluated under the following standard.

   <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states,

in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (2l U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That

paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States. Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Here, the Pretrial Services Report contained the following additional information concerning this defendant. The defendant is a lifelong resident of Columbus and has been employed for the last two years. He has a history of substance abuse but has been sober since 1998. He has had a stable residence with his girlfriend for several months, and he has several children in the Columbus area with whom he maintains contact.

The defendant has a lengthy criminal record, including not only his four prior violent felony convictions which are

described in the indictment but multiple other arrests and convictions dating back to 1978.  Those arrests include an August 9, 2005 state arrest for trafficking in drugs, a case which is scheduled for trial later this month.

Although the defendant's ties to the community and recent work history are favorable factors, they are insufficient to overcome the presumption created by the statute, and especially in light of the defendant's lengthy criminal history, the danger posed to the community by the possession of a weapon by an individual with four prior violent felony convictions, and the concurrent prosecution of the defendant in state court for drug trafficking.  Taking all of these factors together, the Court concluded that there were no appropriate release conditions which could be set in this case, and the defendant was therefore detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge